# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

Ajue David

**(b)** County of Residence of First Listed Plaintiff    Orange County, FL
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Morgan & Morgan - Travis Savoia, Esquire
2005 Market Street, Suite 350
Philadelphia, PA 19103

## DEFENDANTS

New Prime Incorporated d/b/a Prime Incorporated

County of Residence of First Listed Defendant    Greene County, MO
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | |
|---|---|
| ☐ 1  U.S. Government Plaintiff | ☐ 3  Federal Question *(U.S. Government Not a Party)* |
| ☐ 2  U.S. Government Defendant | ☒ 4  Diversity *(Indicate Citizenship of Parties in Item III)* |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☒ 2 | ☒ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - | ☐ 690 Other | ☐ 423 Withdrawal | ☐ 376 Qui Tam (31 USC |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Product Liability | | 28 USC 157 | 3729(a)) |
| ☐ 140 Negotiable Instrument | Liability | ☐ 367 Health Care/ | | **INTELLECTUAL** | ☐ 400 State Reapportionment |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Pharmaceutical | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| & Enforcement of Judgment | Slander | Personal Injury | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted | Liability | ☐ 368 Asbestos Personal | | ☐ 835 Patent - Abbreviated | ☐ 460 Deportation |
| Student Loans | ☐ 340 Marine | Injury Product | | New Drug Application | ☐ 470 Racketeer Influenced and |
| (Excludes Veterans) | ☐ 345 Marine Product | Liability | | ☐ 840 Trademark | Corrupt Organizations |
| ☐ 153 Recovery of Overpayment | Liability | **PERSONAL PROPERTY** | | ☐ 880 Defend Trade Secrets | ☐ 480 Consumer Credit |
| of Veteran's Benefits | ☒ 350 Motor Vehicle | ☐ 370 Other Fraud | | Act of 2016 | (15 USC 1681 or 1692) |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | ☐ 371 Truth in Lending | **LABOR** | | ☐ 485 Telephone Consumer |
| ☐ 190 Other Contract | Product Liability | ☐ 380 Other Personal | ☐ 710 Fair Labor Standards | **SOCIAL SECURITY** | Protection Act |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Property Damage | Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 196 Franchise | Injury | ☐ 385 Property Damage | ☐ 720 Labor/Management | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ |
| | ☐ 362 Personal Injury - | Product Liability | Relations | ☐ 863 DIWC/DIWW (405(g)) | Exchange |
| | Medical Malpractice | | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 751 Family and Medical | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | Leave Act | | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate | ☐ 791 Employee Retirement | ☐ 870 Taxes (U.S. Plaintiff | Act |
| ☐ 240 Torts to Land | ☐ 443 Housing/ | Sentence | Income Security Act | or Defendant) | ☐ 896 Arbitration |
| ☐ 245 Tort Product Liability | Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party | ☐ 899 Administrative Procedure |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 535 Death Penalty | **IMMIGRATION** | 26 USC 7609 | Act/Review or Appeal of |
| | Employment | **Other:** | ☐ 462 Naturalization Application | | Agency Decision |
| | ☐ 446 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration | | ☐ 950 Constitutionality of |
| | Other | ☐ 550 Civil Rights | Actions | | State Statutes |
| | ☐ 448 Education | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - | | | |
| | | Conditions of | | | |
| | | Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

| | | | | | | |
|---|---|---|---|---|---|---|
| ☒ 1 Original Proceeding | ☐ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from Another District *(specify)* | ☐ 6 Multidistrict Litigation - Transfer | ☐ 8 Multidistrict Litigation - Direct File |

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. §1332(a)(1)
Brief description of cause:
Civil Complaint

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION**
UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:    ☒ Yes    ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*    JUDGE _____    DOCKET NUMBER _____

DATE
09/16/2022

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____    AMOUNT _____    APPLYING IFP _____    JUDGE _____    MAG. JUDGE _____

## INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed.  The attorney filing a case should complete the form as follows:

**I.(a)**　**Plaintiffs-Defendants.**  Enter names (last, first, middle initial) of plaintiff and defendant.  If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

**(b)**　**County of Residence.**  For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing.  In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

**(c)**　**Attorneys.**  Enter the firm name, address, telephone number, and attorney of record.  If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.**　**Jurisdiction.**  The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings.  Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff.  (1) Jurisdiction based on 28 U.S.C. 1345 and 1348.  Suits by agencies and officers of the United States are included here.
United States defendant.  (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question.  (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship.  (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states.  When Box 4 is checked, the citizenship of the different parties must be checked**.  (See Section III below; NOTE: federal question actions take precedence over diversity cases.)**

**III.**　**Residence (citizenship) of Principal Parties.**  This section of the JS 44 is to be completed if diversity of citizenship was indicated above.  Mark this section for each principal party.

**IV.**　**Nature of Suit.**  Place an "X" in the appropriate box.  If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable.  Click here for: Nature of Suit Code Descriptions.

**V.**　**Origin.**  Place an "X" in one of the seven boxes.
Original Proceedings.  (1) Cases which originate in the United States district courts.
Removed from State Court.  (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.
Remanded from Appellate Court.  (3) Check this box for cases remanded to the district court for further action.  Use the date of remand as the filing date.
Reinstated or Reopened.  (4) Check this box for cases reinstated or reopened in the district court.  Use the reopening date as the filing date.
Transferred from Another District.  (5) For cases transferred under Title 28 U.S.C. Section 1404(a).  Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer.  (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File.  (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.**  Origin Code 7 was used for historical records and is no longer relevant due to changes in statute.

**VI.**　**Cause of Action.**  Report the civil statute directly related to the cause of action and give a brief description of the cause.  **Do not cite jurisdictional statutes unless diversity.**  Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service.

**VII.**　**Requested in Complaint.**  Class Action.  Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand.  In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand.  Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.**　**Related Cases.**  This section of the JS 44 is used to reference related pending cases, if any.  If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.**  Date and sign the civil cover sheet.

**Morgan & Morgan Philadelphia, PLLC**    **Travis J. Savoia**
2005 Market Street    ID# 309680
Suite 350    tsavoia@forthepeople.com
Philadelphia, PA  19103
(267) 780-2232
(267) 446-9799 (FAX)
www.forthepeople.com

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **AJUE DAVID**<br>**5326 TWINE STREET**<br>**ORLANDO, FL 32821**<br><br>       **Plaintiff,**<br><br>  **v.**<br><br>**NEW PRIME INCORPORATED d/b/a**<br>**PRIME INCORPORATED**<br>**2740 NORTH MAYFAIR AVENUE**<br>**SPRINGFIELD, MO 65803**<br><br>**And**<br><br>**JOHN DOE**<br>**ADDRESS UNKNOWN**<br><br><br>     **Defendant.** | **No.**<br><br><br><br>**JURY TRIAL DEMANDED** |

**<u>COMPLAINT</u>**

  Plaintiff, Ajue David, by and through her undersigned counsel and the law firm Morgan & Morgan, assert a cause of action for negligence against the above captioned Defendants, and in support thereof avers as follows:

**<u>THE PARTIES</u>**

  1.  Plaintiff, Ajue David (hereinafter "Plaintiff" and/or "Mr. David") is an adult individual who resides at 5326 Twine Street, Orlando FL 32821.

2.      Defendant, New Prime Incorporated d/b/a Prime Incorporated, (hereinafter "Defendant Prime"), is a corporation and/or business entity organized under the laws of the state of Missouri, with its principal place of business at 2740 North Mayfair Avenue, Springfield, MO, 65803.

3.      The Defendant, John Doe (hereinafter "Defendant Doe") is an adult individual who is a truck driver and employee of Defendant Prime and whose address is unknown.

4.      Plaintiff made a good faith effort to ascertain John Doe's identity, however, the Defendant left the scene of the accident before his/her name could be identified.

5.      At all times relevant hereto, the Defendant Doe was the agent, servant, workman and/or employee of Defendant Prime and was acting in the course and scope of his employment.

## STATEMENT OF JURISDICTION

6.      This case is brought under 28 U.S.C. §1332(a)(1), based upon diversity of citizenship, because Plaintiff is a citizen of Florida, Defendant Prime is a citizen of Missouri, and the amount in controversy (exclusive of interest and costs) exceeds $150,000.00, diversity jurisdiction exists in this Honorable Court. The crash at issue took place in Luzerne County, Pennsylvania, and all parties are diverse.

## FACTS

7.      At approximately (Time) p.m. on February 8, 2021, Plaintiff was sleeping in his tractor trailer trucker cab while parked at the Pilot truck stop located at 1114 SR 93, Drums, Pennsylvania.

8.      At the same time and place, Defendant Doe was operating a commercial truck and trailer that was owned by Defendant Prime in the parking lot of the Pilot truck stop located at 1114 SR 93, Drums, Pennsylvania.

9.      When, suddenly and without warning, Defendant Doe struck the trailer attached to Plaintiff's truck causing a collision.

10.     As a direct and proximate result of Defendants' negligence as described herein, Mr. David suffered serious and permanent injuries and damages.

11.     As a direct and proximate result of the negligence and/or carelessness of Defendant, the Plaintiff sustained the following injuries:

    a.   Cervical disc herination;

    b.   Cervical radiculopathy;

    c.   Left shoulder labrum tear;

    d.   Muscle Spasms; and

    e.   Nerve Damage.

12.     As a result of the aforesaid injuries, the Plaintiff sustained physical pain and suffering, all of which have required or will require medical care and treatment.

13.     The Plaintiff continues to require treatment for the aforesaid injuries.

14.     All the treatment for the Plaintiff's injuries has been deemed reasonable and necessary.

15.     As a result of the aforesaid injuries, the Plaintiff sustained a loss of the everyday pleasures and enjoyments of life and may continue to suffer the same for an indefinite period into the future.

16.     As a result of the aforesaid injuries, the Plaintiff suffered embarrassment and humiliation, and may continue to suffer the same for an indefinite period into the future.

17.     As a result of the aforesaid injuries, the Plaintiff has been obligated to expend various sums of money and incur various expenses for medical treatment and may be obligated to do so into the future.

18.     As a result of the aforesaid injuries, the Plaintiff sustained an impairment of his earning capacity / potential.

19.     At all relevant times hereto, the Plaintiff acted in a safe, prudent, and reasonable manner and in no way contributed to his injuries or damages.

20.     This crash was in no way caused or contributed to by the Plaintiff, Mr. David, and was solely caused by the Defendants in the manner set forth herein.

## COUNT I - NEGLIGENCE

## DAVID AJUE V. JOHN DOE; NEW PRIME INCORPORATED D/B/A PRIME INCORPORATED

21.     All paragraphs of the Complaint are incorporated herein by reference as though fully set forth herein at length.

22.     The losses, injuries and damages sustained by the Plaintiff, as set forth herein, resulted directly and proximately from the negligent and careless conduct of Defendants and/or Defendants' agents, servants, workmen and/or employees, who were negligent and careless, in the following manner:

      a.   failing to maintain an assured clear distance;

      b.   failing to maintain control over Defendants' motor vehicle;

      c.   failing to properly and adequately observe traffic conditions, controls and/or signals;

      d.   failing to operate Defendants' motor vehicle according to existing traffic conditions, weather conditions and/or traffic controls;

      e.   failing to exercise reasonable care and ordinary prudence by observing, inspecting, viewing, and paying attention to other motorists, including Plaintiff;

      f.   failing to remain in Defendants' lane of travel;

      g.   failing to safely move from one lane of travel to an adjacent lane of travel;

h.   failing to activate turn signals and/or to provide adequate warning before moving from one lane of travel to another lane of travel;

i.   failing to observe and yield to the right of way of other motorists;

j.   failing to properly and adequately operate Defendants' motor vehicle at an acceptable and/or controllable rate of speed;

k.   operating Defendants' motor vehicle at a speed to fast for the traffic conditions then and there existing;

l.   failing to take proper action to avoid the collision;

m.   failing to use due care for the safety of the Plaintiff under the circumstances;

n.   operating a commercial vehicle in violation of FMCSR regulations and/or internal safety regulations and procedures concerning the amount of hours and distances that drivers may be on the road;

o.   failing to employ the use of a co-driver as required by the FMCSR and/or internal safety regulations;

p.   operating a commercial vehicle in violation of FMCSR and/or internal safety regulations and procedures for operation of the tractor, the trailer, and the load over public highways.

q.   failing to inspect Defendants' motor vehicle for defective and dangerous conditions such as warning components and systems such as turn signals;

r.   failing to maintain Defendants' motor vehicle in a safe manner, free from malfunctions, defects and dangerous conditions;

**WHEREFORE**, the Plaintiff, Ajue David, hereby seeks all damages allowed against

Defendant Prime and Defendant Doe, in an amount in excess of $150,000.00.

## COUNT II - VICARIOUS LIABILITY AND NEGLIGENCE

## D<small>AVID</small> AJUE V. JOHN DOE; NEW PRIME INCORPORATED D/B/A PRIME INCORPORATED

23.     All paragraphs of this Complaint are incorporated herein by reference as though fully set forth herein at length.

24.     At the time of the subject collision, Defendant Doe was acting as a servant, agent, ostensible agent and/or employee of Defendant Prime.

25.     Defendant Prime are responsible for and vicariously liable for the consequences of the actions and inactions of its employee, servant, agent and/or ostensible agent, Defendant Doe.

26.     The foregoing paragraphs of Count I which set forth Plaintiffs' injuries and damages are incorporated herein by reference and made a part hereof as if set forth in full.

27.     The injuries sustained by Plaintiffs were a direct and proximate result of the aforesaid negligence and carelessness of the Defendants and were not caused or contributed to by any conduct of the Plaintiffs.

        **WHEREFORE**, the Plaintiff, Ajue David, hereby seeks all damages allowed against Defendant Prime and Defendant Doe, in an amount in excess of $150,000.00.

## COUNT III – C<small>ORPORATE</small> N<small>EGLIGENCE</small>

## D<small>AVID</small> AJUE V. NEW PRIME INCORPORATED D/B/A PRIME INCORPORATED

28.     All paragraphs of this Complaint are incorporated herein by reference as though fully set forth herein at length.

29.     Defendant Prime was negligent in the hiring, training and supervision of Defendant Doe in the following manner:

        a.   failing to assure that Defendant Doe was properly qualified to drive Defendants' truck;

    b.  failing to assure that Defendant Doe had the physical ability to safely drive Defendants' truck;

    c.  failing to assure that Defendant Doe was properly trained to drive Defendants' truck;

    d.  failing to assure that Defendant Doe was properly licensed to drive Defendants' truck;

    e.  failing to properly supervise Defendant Doe;

    f.  failing to properly assess and monitor Defendant Doe's ability to drive Defendants' truck, and remove Defendant Doe from service/employment;

    g.  Failing to enforce FMCSR regulations concerning the number of hours and distances which its drivers may be on the road;

    h.  Failing to enforce internal safety regulations and procedures concerning the number of hours and distances which its drivers may be on the road;

    i.  Seeking out and selecting out and selecting Defendant Doe to make the subject delivery;

    j.  Failing to monitor the whereabouts and progress of Defendant Doe during the trip;

    k.  Permitting Defendant Doe to operate Defendant's over the road equipment when he was not qualified to do so; and,

    l.  Failing to enforce FMCSR and/or internal safety regulations and procedures for operation of the tractor, the trailer, and the load over public highways.

30.    Defendants were additionally negligent in connection to Defendant Deromedi's operation

of Defendants' motor vehicle as follows:

    a.  failing to properly and adequately prevent individuals Defendant knew operated or should have known to have operated a motor vehicle in a carelessness and negligent manner;

b. failing to properly and adequately entrust said motor vehicle to individuals who operate motor vehicles in a careful and non-negligent manner;

c. entrusting said motor vehicle to an individual who was physically and/or mentally unfit to safely operate motor vehicles in a careful and non-negligent manner;

d. entrusting said motor vehicle to an individual who was not properly trained and/or capable to safely operate a motor vehicle in a careful and non-negligent manner;

e. failing to inspect Defendants' motor vehicle for defective and dangerous conditions such as unsafe breaking components and systems; and

f. failing to maintain Defendants' motor vehicle in a safe manner, free from malfunctions, defects and dangerous conditions.

**WHEREFORE**, the Plaintiff, Ajue David, hereby seeks all damages allowed against Defendant Prime, in an amount in excess of $150,000.00.

Respectfully submitted,

Date: 09/16/2022           MORGAN & MORGAN PHILADELPHIA, PLLC

BY: _____
Travis J. Savoia, ESQUIRE
*Counsel for the Plaintiff, Ajue David*

DocuSign Envelope ID: AC88159C-C5EB-4726-BC2A-5E3A5492BDA9

## **VERIFICATION**

I, Ajue David, hereby certify that the facts contained in the foregoing Complaint, are true and correct to the best of my knowledge, information, and belief. I make this statement subject to the penalties of 18 Pa. C.S.A. § 4904 relating to unsworn falsification to authorities.

DATE: 9/6/2022

Ajue David